The next case today is case number 415-0200, the people of the state of Illinois v. Raleigh-Saransilo, is that? Si-ra-su-lo. Si-ra-su-lo. Yes. All right, Si-ra-su-lo. Thank you. I'm learning something today. And for the appellant, we have Mr. Boulevard. Yes, I'm sorry. Okay, we've got the wrong information. No, I'm sorry. That's my name. Okay, well, they don't have the right name on here. And for the appellee, we have Mr. Zimmerman. Okay. All right, you may proceed, counsel. Thank you. Thank you, Your Honor. Your Honor, counsel, and may it please the Court, my name is Santos N'Djamim, and I am here on behalf of Raleigh-Si-ra-su-lo. Raleigh was found guilty on one count of felony criminal trespass to residents. However, the jury was instructed only on the misdemeanor offense and not the felony offense. At the jury instruction conference, trial counsel objected to the instruction on the ground that they were missing the essential element for a felony offense. However, actually, the State conceded that error occurred and that the instructions were missing the element for the felony offense. However, the State suggested that correction could only be made if the defense requires it. Furthermore, the State suggested that correction would require a 15-minute delay. To avoid the State's suggested 15-minute delay, the trial court simply refused to correct the admittedly erroneous instruction.  We know from the record, and certainly correct me if I'm wrong, that defense counsel did not offer an alternative instruction, a correct instruction. Is that true? That is true. Okay, so then I'm wondering, is it your position that based on the way the trial court ruled that the trial court would not have allowed defense counsel to even go get a corrected instruction? To answer your question directly, Your Honor, we don't know what would have happened had trial counsel been allowed to properly present the instruction. However, taking your question one step back, is trial counsel did everything that he was required under criminal law rule. But show up with an alternative instruction. That is correct, but trial counsel is not required to do so. And actually, in this particular situation, trial counsel actually did everything and did more than what he was required to do. Trial counsel suggested, here's the problem, here's the missing element, and here's what the missing element is. Under Illinois Supreme Court rule and the holdings of this case and Rule 451, trial counsel is only required to object or offer alternatives. Not both, one or the other. By objecting, he brought the instruction, the incorrect instruction, to the attention of the trial court. And then he suggested the proper correction to be made. The state confessed that error occurred, but refused or suggested that correction was only upon special request if the defense required it. Furthermore, the state suggested that any correction would require a 15-minute delay. When the trial court refused to correct the instruction, despite the state's admission, the trial court fundamentally acted in an unfair manner towards Raleigh Suresul. The instructions were incorrect, there is no contention on that point, and therefore correction should have been made at that point. At closing argument, the state doubled down on the incomplete instruction, read the incomplete instruction to the jury, and then argued to the jury that the instructions presented all of the necessary elements for the felony offense, knowing full well that the instruction only presented a misdemeanor offense and not the greater class 4 felony offense. In so doing, the state essentially abandoned the felony offense for a misdemeanor conviction. For this reason, Raleigh is requesting a reduction on his conviction from a felony offense to a misdemeanor offense. Two points support this position. First, the acquiescence argument. And as I can go through the facts again, the state's conduct at closing argument in arguing that these instructions, which the state had previously admitted was erroneous, presented all of the necessary elements, is tantamount to acquiescence. By acquiescing to the error, the state is now settling itself with a misdemeanor conviction, however, capitalized and got a felony conviction rather than the conviction for which it argued. It is well within the power of this court to remedy this problem by reducing the conviction from a felony to a misdemeanor and remanding for resentencing under misdemeanor offense. If there are no further questions, Your Honor. I don't see any at this time. Thank you. Thank you. Mr. Zimmerman. May it please the Court, Counsel. Good morning, Your Honors. My name is John Zimmerman from the Fourth District Appellate Prosecutor's Office here on behalf of the state. As it's uncontested, the state agrees that an error occurred below. This has been discussed many times in the record below, and now it's being discussed, the same issue here on appeal. The state would like to begin with a quote from the Illinois Supreme Court. A criminal defendant, whether guilty or innocent, is entitled to a fair, orderly, and impartial trial conducted according to law. This right is protected by the U.S. and Illinois Constitutions. However, our Supreme Court noted, it is an unalterable fact that our judicial system, like the human beings who administer it, is fallible. This Court has observed that trials cannot be conducted without error, and that perfection in trial procedure is virtually unattainable. Thus, it is fundamental that a defendant in a criminal case is entitled to a fair trial, not a perfect one. And I'm sure Your Honors are aware of that quote. As I stated, the state admits that error occurred. This is not in dispute. The error was that defendant remained within the residence without authority when he had acknowledged that people were present in the residence, and that that element was not within jury instructions. Well, that's not what he was charged with. Wasn't he charged with entering when he knew or should have known that people were present? Yes, Your Honor. The criminal trespass to residence for a felony, it states... Two different ways you can show it, and he was charged with the way that I just indicated, right? I believe the main issue is just whether he knew people were in or whether people were in. Right, so you can prove the felony by showing that you entered knowing or when you should have known that people were present, or you can prove it by showing that the person remained, and so those are the two options, right? Yes, Your Honor. And so they charged him with entering when he knew or should have known that people were present. Yes, Your Honor. They didn't charge him with the other one. Correct. Is that right? Yes. So going forward, that was the element that was missing. Nonetheless, the state's position is that this error was harmless beyond a reasonable doubt because when you're reviewing the evidence, it showed that any jury would have found that defendant was guilty about the error beyond a reasonable doubt. Let me... There was somebody present apparently when the defendant entered. There were two individuals present. But only one of them was the householder, wasn't it? I believe the householder was at the bar. That would be Rodney Murdock, and then he came home. His sons were at home. So he had his two sons were at home, in bed, asleep, and he had gone to the bar, and he was coming back and forth between the bar and his home, checking on the boys periodically. Yes, Your Honor. And the last time he checked on the boys before coming home to find the defendant in his home, they were in their beds asleep, correct? Yes, Your Honor. And so the allegation is that the defendant entered knowing or when he should have known someone was present, and it's a reasonable inference that when he entered, the boys were in their beds asleep. There was no sign of forced entry, right? Yes. And I think one of the boys indicated that he had done something outside and came back in and forgot to lock the door. Am I remembering correctly? I did not remember that specific, Your Honor. Okay. And so the defendant and another person entered the home, and then the homeowner returns one more time, comes into his home, and sees them sitting on his front-room couch, right? Yes. So my concern is what is the evidence, the overwhelming evidence to prove that it was harmless beyond a reasonable doubt, that he knew or should have known that someone was present when he entered the home? Well, based on circumstantial evidence. Okay. What circumstantial evidence? It's the evening time at night. It's not his residence. They seem to have known each other based on when the officers came. They told him to find out at this bar. It seemed like there was some acquaintance that they knew each other. They were scuffling the way the defendant approached. Okay. Let me stop you there. I want you to listen carefully because they charged him with entering when he knew or should have known that someone was present. So the fact that he knew the homeowner or that he saw him at the bar or that they fought after he arrived, that doesn't really go to whether he entered when he knew or should have known that someone was present. Would you agree with that? Based on those facts. I mean, those are some of the things that you just mentioned. Yes, but based on the familiarity, Your Honor, he would likely also know he has sons. I don't exactly recall the specific instances, but from when the state wrote its brief and reviewed the record then at that point, based on the state's motion below, it seemed somewhat overwhelming that it was beyond a reasonable doubt that a trier of fact could have found him guilty absent there. Okay. Now to discuss... Why wouldn't it be just as reasonable to think we saw Dad at the bar. Let's go over to his house and drink his beer. The defendant? Because there won't be anybody there. Yeah. The homeowner. They saw the homeowner. They saw the homeowner at the bar and this guy and his defendant and his pal say, let's go over to Charlie's house and drink his beer because he's not home. I don't know why the evidence at trial showed that he had sons that resided with him that would be home that night in bed. I don't draw that inference. I don't know how... Same question. What is it about this that would make a fact finder draw the inference that people were occupying the home at the time the defendant entered? Well, there was a lot of uncontested testimony at trial. Uncontested in what way? The defendant did not... He didn't offer any evidence? No, he did not. On cross-examination, there was nothing to call into doubt their testimony. The sons testified that they were present at the home. Yes, it's difficult to prove the mens rea of a criminal, but... But the sons, they indicated they were at home in bed and then they heard the scuffle after their dad had arrived and found the people in the home. So that doesn't go to entering knowing or when you reasonably should have known that someone was there. It definitely goes to the second way you can prove it in terms of refusing to leave. Because, sure, they saw the scuffle and they saw their dad get hit and all that, but that doesn't go to the way that the state charged it. Yes, Your Honor. The state understands. Regarding defendant's argument about invited error acquiescence estoppel, the state disagrees with that. In defendant's own brief, he quotes, The doctrine prohibits the party from acquiescing to proceed in one manner and then contending on appeal that the request of action was error. Here, we discussed, or we argued below, that harmless error should apply. So I'm not seeing how that is too relevant. Regardless of that, the state did not acquiesce to the error as it attempted numerous times to fix it. The record showed that the state did take a recess to try to go and remedy the error. It came back and said, Yes, Your Honor, we believe defense counsel may be right that there's an element missing. And, Justice Holderwhite, as you asked, would the trial court have allowed trial counsel to find the proper instruction? The answer is yes, because, number one, the trial counsel should have came prepared with their instruction. Number two, trial counsel, defense counsel, could have been going to get the instruction while the state was doing their research as well. But isn't it troubling? I mean, basically, everyone agrees that the jury was improperly instructed. And for some reason, and it seems like it was out of frustration with attorneys, the trial court overrules the objection by defense counsel and goes ahead and gives the improper instruction, basically knowing that it doesn't contain the necessary elements. I mean, I understand what you're saying. I just have a hard time thinking that even if defense counsel had asked to go get a correct instruction, that the trial court would have allowed it given that the trial court chastised the attorneys and basically said you've got the jury waiting and you're messing my trial up, and so I'm overruling the objection. It's problematic. Yes, Your Honor, the state does understand your concerns. The state ultimately requests this court to affirm the trial court's judgment as the error was harmless beyond a reasonable doubt, although the state does understand your concerns with that. Alternatively, if you do not remain to re-sentence defendant and to vacate his felony conviction, the state, based upon the record in its eyes, would ask for a new trial rather than just vacating and convicting or sentencing him to day. Let's go back to the beginning. I understand we're not beating you up, Mr. Zierman. I view this as prosecutorial sloppiness. Would you agree that they probably picked the wrong part of the statute to charge him under with their information? In other words, all the evidence shows that he remained within after he knew the householder was present. Yes. And there's no evidence that he was invited in. So if he had been charged with that, forget about the instruction. The state would have a slam dunk. That does seem to be the case, Your Honor. I think the state would agree with you. You're stuck with the case that you've got. It's not your fault that they got sloppy in charging or sloppy in investigating. And then you add to it that the jury was improperly instructed. So it's problematic. The state agrees, Your Honor. If there's no further questions, the state rests. Thank you, counsel. Any rebuttal? Yes, two points of rebuttal really quickly. The court is exactly correct. There was not evidence presented to meet the remain within. However, that's how the state proceeded on the post-trial motion, and again, in its brief. There was evidence that he remained within. Yes, there was evidence. That wasn't the charge. That was not the charge, correct. There was no evidence as to the manner in which he was charged, which is entering with the knowledge that there was a person in the house. And as the court pointed out, the two sons, which I must present to the court, were older grown men. One was 29 and the other was 25, but he had some mental condition which made him in the care of his father, and that's it. So there was reason to believe that the defendant could have properly had the knowledge that both sons were not in the house as well as the father not being in the house. Because one of the sons had had a seizure the night before. Yes. The younger son, I think it's Bradley Murdoch, and the older son is Anthony Murdoch. Bradley Murdoch suffers from a mental condition which has symptoms of seizure, which makes it likely, and the defendant not at trial, but in the record, it is suggested that Bradley spent some time at a hospice, but in this particular night, he was at home. So there was reason to believe that the defendant, who, as the state concedes, was familiar with the family, would believe that Bradley was at said hospice, whereas Anthony Murdoch was an older grown man of 29 years and possibly could have been outside of the house. So as to harmlessness as how the charge was presented, there is no evidence to meet the entering with knowledge that there were one or more persons in the residence. However, the way the state proceeded, it proceeded at trial under remaining within, and again in the post-trial motion, and again on appeal under remaining within. However, even if this court were to apply the harmless error analysis, there is a fundamental unfairness that occurred in this particular situation, as the court pointed out. The trial court, the trial judge, was frustrated with defense counsel and refused to correct an error the state admitted at every point towards the proceeding was present and failed to correct and provide proper instructions. If there are no further questions, Raleigh requests that his conviction be reduced to a misdemeanor conviction and remand for resentencing on that conviction. Thank you. Thank you. We'll take the matter under advisement and be in recess.